ISAIAH T. WILLIAMS AND ROYAL S. CRANE, RESPONDENTS, v. LORIN INGERSOLL AND OTHERS, APPELLANTS.

*Agreement that attorney shall be compensated out of the fund recovered—when it creates an equitable lien—priority of such lien over that of an attachment issued under a judgment recovered against the client.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court, without a jury.

The defendants, Lorin Ingersoll and James H. Ingersoll, became

liable to pay to the defendant Heath the sum of $10,000, under and in virtue of an award made by Charles O'Conor, Esq., as arbitrator, bearing date September 16, 1878.

The complaint alleged that while the plaintiffs were rendering services, as attorneys, to Heath, in actions which were afterwards submitted to the arbitrator, it was agreed that they should be paid for their services out of any moneys that should be obtained by Heath, and should have a lien thereon superior to any right that Heath might have thereto. By virtue of which agreement the plaintiffs claimed to be entitled to recover the said fund as the equitable assignees thereof.

The defendants, Brady and Ivins, claimed a lien upon the same money in virtue of an attachment levied in the State of Connecticut, against Heath, to secure a claim in their favor against the said Heath. The question presented was which of the two parties claiming this $10,000 had the superior right thereto. The defendant Heath put in no answer, and the bill as to him was taken as confessed.

The court, at General Term, said : " The judge at Special Term found that the agreement between the plaintiffs and Heath, set forth in the complaint, was made, and we think that the evidence amply supports the finding. The objection that the action is one to recover demands due to the plaintiffs severally, and not a single demand due to the plaintiffs jointly, is not tenable, for the reason that such objection was not taken by demurrer or by answer. (Code Civ. Pro., § 499.)

" Moreover, Heath made no defense, and so admitted the cause of action in the mode in which it is averred. Nor can it affect the rights of the other defendants to allow a recovery for a joint demand, for the amount thereof would not be increased thereby. The agreement mentioned is the same, in legal effect, as that in *Brown* v. *Mayor* (11 Hun, 21), which was held to have created an equitable lien. That decision is in accordance with general principles. An agreement to give a mortgage, or to appropriate specific property to the discharge of a particular debt, may create a mortgage which will have precedence of subsequent judgment creditors. (1 Lead. Cas. Eq., 4 Am. ed., 954, note to *Russell* v. *Russell ;*

*National Bank of Norwalk* v. *Lanier*, 7 Hun, 623 ; *Burdick* v. *Jackson*, Id., 488 ; *Chase* v. *Peck*, 21 N. Y., 581 ; *Payne* v. *Wilson*, 74 N. Y., 348, and authorities cited.) We are of the opinion that the agreement proved in this case was sufficient to create a valid, equitable lien upon the fund in controversy, and that the agreement having been made before the defendants, who are creditors of Heath, acquired any interest in said fund, it gave to the plaintiffs a prior right thereto. We think the statute of frauds affords no bar to the action. (*Lowry* v. *Tew*, 3 Barb. Ch., 413.)"

*A. T. Compton* and *Odle Close*, for the appellants, Ingersoll.

*Alfred B. Cruikshank*, for the appellants, Brady and Ivins.

*I. T. Williams*, for the respondents.

Opinion by GILBERT, J. ; BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed, with costs.